### DEVLIN et al. v. PAYNTER et al.

#### (Circuit Court of Appeals, Third Circuit. November 16, 1894.)

#### No. 8.

1. PATENTS—STEAM-PIPE UNION—NOVELTY.

A union for steam pipes, consisting of one member with an internal seat of soft metal having a concave face, and an opposing member with a convex face, thus forming a perfect connection without an accurate alignment of the pipes, constitutes a patentable invention. 63 Fed. 122, affirmed.

2. SAME—INFRINGEMENT.

A union for steam pipes, consisting of a head member having a seat of soft metal with a concave face, and a tail member having a convex face, is infringed by a union that differs only in the facts that the convex face is on the head member and the concave face is on the tail member, and that the soft metal is on the convex face instead of on the concave face.

3. SAME.

The Paynter patent, No. 367,725, for union for steam pipes, *held* valid and infringed. 63 Fed. 122, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

In Equity. Bill by Edward P. Paynter and John K. Moore against Thomas Devlin and others, trading as Thomas Devlin & Co., for infringement of a patent. Complainants had decree (63 Fed. 122), and defendants appeal.

Hector T. Fenton, for appellants.
Connolly Bros., for appellees.

Before ACHESON and DALLAS, Circuit Judges, and WALES, District Judge.

ACHESON, Circuit Judge. The appellants, who were the defendants below, complain of the decree of the circuit court, sustaining as valid, and adjudging them to have infringed, the first claim of letters patent No. 367,725, for improvements in unions for steam pipes, etc., granted on August 2, 1887, to Edward P. Paynter, Jr., the inventor, and John K. Moore, his assignee of a part interest. The claim in question is in these words:

"(1) A union for steam pipes, comprising a threaded ring or nut, a member having a seat of soft metal with a concave face, and an opposing member with a rounded or convex end, substantially as shown and described."

The declared object of the invention is to provide a construction whereby the joint of the union of steam and other pipes ,. `l be

made more tight than heretofore, and in which the danger of injury by indentation to the soft-metal seat of such union will be avoided. The specification states:

"The concavo-convex character of the joint prevents the seat from being indented, even if the two members of the coupling should not be exactly aligned, thereby avoiding the difficulty hitherto encountered with the flat, soft-metal seats and straight ends of unions as heretofore constructed."

The specification describes and shows a union, one of the members of which is provided with an internal seat of soft metal, the face of which is made concave, and the opposing part of the union formed with a convex end, so as to conform to the concavity of the seat, against which it rests, thus making a perfectly tight joint therewith. A pipe union is a complete and independent contrivance made and sold by itself, consisting of head and tail members, and a fastening ring or nut drawing the two members closely together. The purpose of the device is to join together the adjacent ends of two sections of pipe through which steam or water or other liquids or gases flow. Such unions are not designed to be fixed and permanent couplings, but they are used where the pipes are to be repeatedly disconnected and again joined, and thus it is intended that the unions shall be taken apart and put together again and again. It is of supreme importance that the union should form and constantly maintain a perfectly tight joint, and it is also very desirable that it should be so constructed as to provide for the nonalignment of the pipes which it connects. These ends are attained by the device of the patent in suit. The patented improvement consists in having one of the two opposing members of the union formed with a concave abutting face, and the other with a convex abutting face, one of these meeting faces being composed of soft metal. The evidence is convincing that this improvement effectively overcomes difficulties incident to and inseparable from all the expedients of this general character previously in use. It meets the practical difficulty arising from want of exact axial alignment of the two pipes which are to be connected; and it not only secures complete contact between the meeting faces of the head and tail members, when they are first put together, but permits, without impairing the efficiency of the joint, the repeated use of the same union as the pipes are disconnected and again united. We have attentively examined all the earlier patents, and the exhibits illustrative of the prior state of the art, in evidence. To discuss these at length, and point out the distinctions between them, respectively, and the Paynter-Moore device, we deem unnecessary. It is enough to declare that in our judgment they do not, taken singly or considered together, anticipate the invention in question. They fail to show a union made in accordance with the patent in suit, or possessing its peculiar advantages. We are entirely satisfied with the conclusion of the court below that the first claim of the patent in suit covers a union patentably new and useful.

The differences between the union shown by the patent in suit and the appellants' union are these: In the latter the convex face is

on the head member, and the concave face is on the tail member, reversing the arrangement of the patent; and in the appellants' union the convex face is composed of soft metal, whereas in the union described in the patent it is the concave face which is of soft metal. The appellants have transposed the position of the soft-metal face. Do they escape infringement by the transposition of parts? We think not. The essence of the invention embodied in the first claim of the patent is a union in which one of the two opposing members has a concave abutting face, and the other a convex abutting face, one of these faces being of soft metal. The appellants, therefore, have appropriated the gist of the invention. The changes found in their device do not at all affect either the principle of operation or the result. There is a substantial identity between the two unions. Now, in the sense of the patent law, the substantial equivalent of a thing is the same as the thing itself. Winans v. Denmead, 15 How. 330, 342; Machine Co. v. Murphy, 97 U. S. 120. The changes which the appellants have made are immaterial, and, indeed, are but a subterfuge. Made, evidently, for the mere purpose of evading the wording of the claim, they are unavailing. Hoyt v. Horne, 145 U. S. 302, 308, 12 Sup. Ct. 922.

Nor do we find anything in the proceedings in the patent office requiring us to read the first claim of the patent as subject to the limitation upon which the appellants insist. The reasons urged by the appellees' solicitors before the patent-office officials in favor of the grant of the patent, if entitled to consideration here at all, do not, we think, regarded as a whole, support the contention that the patentees, when in the patent office, placed such a narrow construction upon the claim as would exclude from its scope the appellants' device. We do not see that they take here any position inconsistent with their position when in the patent office. There is nothing to bring this case within the rule that, where a patentee has modified his claim in obedience to the requirements of the patent office, he cannot have for it an extended construction which has been rejected by the office. The only amendment of the first claim ever made was the introduction of the "threaded ring or nut" as an element of the combination, and that addition does not affect the question now before us. We are of the opinion that the decree of the circuit court was right, and accordingly it is affirmed.