HUNTINGTON DRY PULVERIZER CO. et al. v. NEWELL UNIVERSAL MILL CO. et al.

(Circuit Court, S. D. New York. January 23, 1899.)

**1. PATENTS—STONE CRUSHERS.**
   The Huntington patent, No. 277,134, for a machine for crushing stones and ores, *held* valid and infringed as to claim 1, on motion for preliminary injunction.

**2. SAME—LACHES.**
   Laches is not to be imputed to a patent owner because of his failure to prosecute to judgment a suit against an infringer, after the latter has become totally insolvent, and has disappeared.[1]

This was a suit in equity by the Huntington Dry Pulverizer Company and Laura C. Huntington against the Newell Universal Mill

---

[1] As to laches as a defense in infringement proceedings, see note to Taylor v. Spindle Co., 22 C. C. A. 211.

Company and others for alleged infringement of two patents relating to stone and ore crushers. The cause was heard on motion for preliminary injunction.

Frederick S. Duncan, for the motion.

J. Hampden Dougherty, opposed.

LACOMBE, Circuit Judge. The application is made to enjoin an infringement of patent No. 277,134, claims 1 and 2, and patent No. 325,804, claims 1 and 2. The later patent has never been adjudicated. The earlier patent was sustained in the circuit court, district of New Jersey (89 Fed. 323), but an examination of Judge Kirkpatrick's opinion indicates that claim 1 only was considered. In the case at bar, therefore, it is only necessary to inquire whether there has been infringement of the first claim of No. 277,134. All inquiries as to infringement of the second claim of that patent, or of the two claims of the later patent, are reserved for final hearing. Defendant has sold and offered for sale two types of machine, but it is not seriously disputed that both of them infringe the first claim of No. 277,134.

In defense it is insisted that the circuit court of New Jersey erred in sustaining the validity of the patent before it. The record in the case was quite voluminous, and Judge Kirkpatrick discusses the patent and the state of the art at considerable length, finding in the suspension of the rollers the application of a new principle to the art, to accomplish a result long sought, but until then never satisfactorily attained. Defendant has presented here some additional patents, which were not before Judge Kirkpatrick, and relies particularly upon two of them. A careful examination of the Ambler patent, No. 11,109, shows that the balls (which operated as crushers) rested on the bottom of the pan. They were not suspended, as are the crushers in No. 277,134. The other additional patent relied on (Huntington, No. 251,442) is radically different from the one it is claimed to anticipate.

I do not find that the complainants were guilty of such laches as to disentitle them to the relief now asked for. Certainly, they were under no obligation to go to the expense of prosecuting their original suit against Rice after he was found to be totally insolvent, and had disappeared. I am unable, after careful study, to comprehend the alleged special equity in favor of the defendant arising upon the offer of Manning, Maxwell & Moore to sell Narod mills. The facts are briefly these: Subsequent to the issue of the Huntington patent, one Rice obtained a patent for a mill, which disclosed improvements upon the original mill of the Huntington patent. This was all right enough, and the patent may be good for that improvement (if improvement there were), although the machine made under it might be an infringement of the Huntington patent. Under this patent, Rice made mills, which he called the "Narod Mills." Being infringements of the Huntington patent, he had no right to sell them, except by license of the holders of that patent. Subsequently, the firm of Manning, Maxwell & Moore (which, for the purposes of the argument, it may be conceded, was really identical with the Huntington Dry Pulverizer Company) made an arrangement with Rice for some 30 of his mills. That firm

also acquired a license from the holders of the Huntington patents, and thereupon advertised the Narod mills for sale. In other words, a structure which infringed two patents was offered for sale by a concern which held a license from the owners of both patents. Why it should be contended that, by so doing, declaration was made to the world that the mill did not infringe the earlier patent, it is difficult to understand. The complainants may take injunction under the first claim of the earlier patent.