HUNTINGTON DRY-PULVERIZER CO. et al. v. NEWELL UNIVERSAL MILL CO. et al.

(Circuit Court, S. D. New York. April 6, 1901.)

1. PATENTS—VALIDITY—PRIOR USE.

The building of a machine embodying the most important features of an invention for experimental use by a purchaser, under direction of the inventor, to be paid for if successful, and which proved unsuccessful and was abandoned, does not constitute a prior public use which will invalidate a patent granted on an application filed more than two years afterwards.

2. SAME—INFRINGEMENT—CRUSHING MILLS.

The Huntington patents, No. 277,134, for a crushing mill, and No. 325,-804, claims 1 and 2, for improvements in details of first, *held* not anticipated, nor invalidated by prior public use; also, *held* infringed.

In Equity. Suit for infringement of patents. On final hearing.

Frederick S. Duncan, for plaintiffs.

J. Hampden Dougherty, John S. Seymour, and Hoke Smith, for defendants.

WHEELER, District Judge. This suit is brought for alleged infringement of the first two claims of the patents Nos. 277,134, dated May 8, 1883, and 325,804, dated September 8, 1885, each for a crushing mill.

"The mill consists essentially of: First, a circular pan, the vertical sides of which are lined with a die; second, of rollers, suspended from above by means of vertical shafts upon which they are mounted, the method of suspension and mounting being such as to allow the rollers to swing freely to and from the center of the pan without coming in contact with the bottom

of the pan; third, means of causing these suspended shafts and rollers to revolve about a common central axis. For this purpose a rotatable frame is mounted upon a central driving shaft, and placed some distance above the bottom of the pan. The shafts and rollers are hung from this frame so as to have a swinging or pendulous motion to and from the center of rotation, the rollers being at all times supported clear of the bottom of the pan."

These claims of No. 277,134 are for:

"(1) The pan, A, having the interior vertical circular die, F, in combination with the rollers, G, shafts, I, and means for suspending said shafts from above, so that said rollers may rotate against the die by centrifugal force, substantially as herein described. (2) The pan, A, having the interior vertical die, F, the rollers, G, and shafts, I, in combination with the sleeves, J, horizontal trunnions, K, boxes, L, and the rotating frame, M, substantially as herein described."

And of No. 325,804 are for:

"(1) The pan, having the interior die, and the fixed or nonrotating shafts suspended from above, and having heads or enlargements upon their lower ends, in combination with rollers turning loosely about said shafts, substantially as herein described. (2) The pan, having the interior circular die, the rotating disk, and the vertical shafts suspended from said rotating disks, and having heads at their lower ends, in combination with rollers fitted loosely upon said shafts, having closed chambers, within which the heads are contained, and extensions or sleeves extending upward around the shafts, substantially as herein described."

The first patent was before the circuit court for the district of New Jersey in Huntington Dry-Pulverizer Co. v. Whittaker Cement Co., 89 Fed. 323; and the relation of it to the art to which it belongs, and the validity of the first claim, were well set forth in the opinion of the court by Judge Kirkpatrick. That case was before the circuit court of appeals of the Third circuit, on appeal (37 C. C. A. 151, 95 Fed. 471), and this conclusion was affirmed, although the decree was reversed on the question of infringement. The court, by Dallas, circuit judge, said:

"We entertain no doubt of the validity of this patent, or of the meritorious character of the invention to which it relates. The only question is, does the Griffin mill conflict with it?"

That case is, of course, followed here, as to everything involved there. The only things of note not so involved appear to be the Ambler patent, No. 11,109, dated June 20, 1854, for an ore mill, and the alleged sale of a crushing mill to Carlos White more than two years prior to the application. The Ambler patent appears to have a rotary pan with suspended balls, forced against the side of the pan by springs, instead of by centrifugal force, the employment of which was of the very essence of Huntington's invention. And the transaction with White, such as it was, appears to have been made while the invention was in an experimental stage. That a crushing mill embodying the most important features of this invention, the first of its kind, was built as an experiment for White, by Arthur L. Fish, under the superintendence of the inventor, and was set up by them in temporary quarters provided by White, as a joint enterprise by them, to be paid for by White if successful, and that Fish was paid in whole or in part for it, and that it was not successful, is quite clear; that the inventor received

any part of the pay, or knew that Fish, did, is not clear, but is doubtful. The control of it as an experiment appears to have remained with the inventor, and it was abandoned as such by all others when he abandoned it. This seems to bring it within the principles of Elizabeth v. Pavement Co., 97 U. S. 126, 24 L. Ed. 1000, and Campbell v. City of New York (C. C.) 47 Fed. 515, and to distinguish it from the cases where there was an absolute sale, like Delemater v. Heath, 7 C. C. A. 279, 58 Fed. 414, much relied upon in behalf of the defendant, wherein, however, these principles are well recognized. Walk. Pat. § 96. The difference between the first and second claims is not such but that the validity of the second readily follows that of the first. The second of the patents is expressly for improvements in details of the first; and those of these two claims relate to the rotation of the rollers upon, instead of with, the shafts, and to the manner of the suspension of the rollers, and the lubrication of their bearings upon the shafts to protect them from the grit and dirt of the substances being crushed. No reason is shown why these improvements were not patentable, or why these claims therefor are not valid. The defendants make and sell crushers known as "Narod Mills." They are different from the Griffin mill, and the testimony is that they infringe all these claims. The case in the Third circuit, the Ambler patent, and the Narod mill, were before this court on the motion for a preliminary injunction in this case. 91 Fed. 661. These conclusions follow and carry out those reached by the court at that time, so far as they went. Decree for plaintiffs.