## HUNTINGTON DRY PULVERIZER CO. et al. v. VIRGINIA–CAROLINA CHEMICAL CO.

(Circuit Court, D. New Jersey. September 22, 1902.)

**1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.**
    A preliminary injunction against infringement will not be granted where, before the determination of the motion therefor, the patent sued on has expired.

In Equity. Suit for infringement of patents. On motion for preliminary injunction.

Frederick S. Duncan, for complainants.
Hoke Smith, for defendant.

KIRKPATRICK, District Judge. The bill of complaint in this cause, filed June 11, 1902, seeks injunctive relief against the defendant on the following statement of facts: Frank A. Huntington, on or about May 8, 1883, obtained United States letters patent No. 277,-134 for a new and useful improvement in crushing mills, and afterwards, on or about September 8, 1885, obtained another patent, No. 325,804, for a further improvement in crushing mills, said improvements being capable of joint use. Machines known as "Narod Mills," embodying the devices of both of the Huntington patents, were manufactured and extensively put upon the market. On or about November 20, 1898, a bill of complaint was filed in the United States Circuit Court for the First Circuit by the patentee above named or his assigns against the manufacturers of the said Narod Mills, and upon a final hearing of the cause (Huntington Dry-Pulverizer Co. v. Newell Universal Mill Co. [C. C.] 109 Fed. 269), and on about April 26, 1901, a decree was entered in said suit adjudging the complainants' patents to be good and valid, and decreeing the Narod Mills to be infringements thereof. Before and at the time the said decree was rendered the defendants herein were users of a large number of the infringing Narod Mills, and the allegation was that at the time of filing

¶ 1. See Patents, vol. 38, Cent. Dig. § 491.

this bill of complaint they were still users of the same. The court thereupon granted a rule to show cause why the preliminary injunctive relief prayed for in the bill should not be granted, and upon the return of this rule an adjournment was had by consent of parties, and further time granted within which brief might be filed, so that before the briefs were received by the court and time had for consideration of the same the exclusive right granted by the patents to use the devices described therein had expired.

The defendants, on the hearing, submitted answering affidavits in which they allege that, so soon as the decree above referred to was entered, they set about stripping their Narod Mills of the devices adjudged to be infringements of patent No. 325,804 (the only one then in force), so that at the time of the filing of this bill the Narod Mills used by them did not infringe the claims of the complainant's patent. But if this were not so, and the facts were as outlined above and stated in the bill, the court would feel constrained to refuse the preliminary injunction prayed for, because both the patents upon which the complainants rely have expired and ceased to be operative.

Let an order refusing the preliminary injunction be entered.