PEIRCE SPECIALTY CO. et al. v. HARVARD ELECTRIC CO.

(Circuit Court, N. D. Illinois, E. D. August 4, 1911.)

No. 29,969.

PATENTS (§ 328*)—INFRINGEMENT—INSULATOR.

    The Peirce patent, No. 856,801, for improvements in insulators, consisting of a bracket formed of a metal bar having a slot at the top for the attachment of a sheet metal cone, threaded to receive and hold the insulator, the purpose being to provide an elastic seat for the insulator, *held* infringed by a device differing only in the means of attachment of the cone to the bracket, which difference is merely colorable.

In Equity. Suit by the Peirce Specialty Company and Hubbard & Co. against the Harvard Electric Company. Decree for complainants.

Offield, Towle, Graves & Offield (James R. Offield, of counsel), for complainants.

Cheever & Cox (Howard M. Cox, of counsel), for defendant.

KOHLSAAT, Circuit Judge. Complainants seek to restrain defendant from infringement of the four claims of patent No. 856,801, issued to C. L. Peirce, Jr., June 11, 1907, for improvements in insulators, and for other relief. The claims in suit read as follows, viz.:

"1. In combination with an insulator, a bracket formed of a metal bar provided with a slot in one of its sides, and a sheet metal strip surrounding said bar and having one of its ends secured in said slot, substantially as described.

"2. In combination with an insulator, a bracket formed of a channel bar and provided with slots, a sheet metal strip adapted to substantially surround said bar and provided with ears to enter said slots, and means for securing said strip to said bar, substantially as described.

"3. In combination with an insulator, a bracket formed of a channel bar and provided with slots, an elastic sheet metal strip formed to have a threaded exterior and adapted to surround said bar, and means for retaining said strip within said slots and around said bar, substantially as described.

"4. In combination with an insulator, a bracket formed on its end and provided with slots, and a spring metal strip formed to have a threaded exterior and provided with ears entering said slots and retained therein by swaging over said ears on said bar, substantially as described."

Defendant has taken no evidence and relies upon the defense of noninfringement appearing upon the record as presented by complainants.

As the record now stands, it is assumed by the court that the patent is valid for what its claims import. The only prior art disclosed in the record consists of insulator supports comprising a rigid bracket having either a wooden or solid metal pin in combination with a glass insulator. These are not satisfactory, owing in part to the expanding and contracting properties of glass as affected by heat and cold and unavoidable vibration. The patentee says (line 18, column 1, page 1):

"In my construction I overcome these results by the combination of a bracket, preferably made of a channel bar or strip, and a spring metal strip provided with a screw-threaded exterior surrounding and secured to the bracket, the holding means for the strip being accomplished by providing

---

ears thereon, slotting the end of the bar, inserting the ear in the slot, when the strip is set in position, and then swaging over the end of the bar to firmly clamp the ears therein. This construction not only serves as a holding means, but also gives a taper to the strip, as the bar is made somewhat narrower at its upper end by the formation of the slot."

It is the theme and gist of the patent that the glass or other insulator shall be mounted upon an elastic peg or cone, which shall respond to variations in the insulator and which shall in turn be mounted upon a rigid bracket or arm. It is the elastic support of the insulator which dominates the invention. Defendant has appropriated every feature of the patent, except the means for attaching the spring metal strip or envelope to the bracket, as will appear from the following drawings presented by defendant:

DEFENDANT'S STRUCTURE

THE PATENTED STRUCTURE

While there is, perhaps, no presumption that the patent in suit is basic and entitled to a broad construction, it would be unjustifiable to hold the claims down to the details of attachment to the bracket. The invention is, as stated in the specification, to provide an elastic seat for the insulator. The claims are unnecessarily explicit in respect to the means used for securing the spring-seat to the bracket; but, even so, we are left in no doubt as to what the invention was.

The differences between the two devices are merely colorable, and consist in the substitution of one well-known equivalent for another, and therefore do not avoid infringement. Westinghouse Electrical & Mfg. Co. v. Condit Electrical Mfg. Co. (C. C.) 159 Fed. 144; Devlin v. Paynter, 64 Fed. 398. 12 C. C. A. 188; Lamson Consol. Store Service Co. v. Hillman, 123 Fed. 416, 59 C. C. A. 510.

It follows that defendant's device is an infringement of the patent in suit. The prayer of the bill is therefore granted.