## ROSE v. HIRSH et al.

### (Circuit Court of Appeals, Third Circuit. November 9, 1896.)

1. PATENTS—INVENTION—UMBRELLA STICKS.

The conception and embodiment of a metal umbrella stick, having, as a new and useful feature, a tapering end, so drawn down as to diminish the diameter of the tip, and the part to which the "notch" is attached, without diminution of the metal, thus allowing the ribs and canvas to be folded closer than formerly, and materially increasing the strength of the stick where the strain is greatest, constitutes a patentable invention, even though metal tubes having an increased thickness of walls in the tapering ends may have been old. 71 Fed. 881, reversed.

2. SAME—EVIDENCE OF INVENTION—ADMISSIONS.

The purchase and sale of articles under a patent, by persons familiar with the prior state of the art, until a dispute arises as to the amount to be paid, while not an estoppel, is an admission of patentable novelty, which is entitled to weight as evidence in a suit against them for infringement.

3. SAME—INFRINGEMENT.

A claim for an umbrella case consisting of a slitted leather tube having an internal socket at its lower end to receive the projecting end of the umbrella stick, and a ferrule applied to the lower end of the case, is not infringed by a case which has no internal socket, but in which the desired result of filling out the lower end of the case so as to give it the appearance of a walking stick is attained by placing a "false tip" upon the projecting end of the umbrella stick. 71 Fed. 881, affirmed.

4. SAME—RELATED PATENTS—INTERPRETATION.

Where separate patents were granted to the same inventor for an umbrella and an umbrella case, *held*, that the two could not be read together, so as to cover an umbrella and case combined.

5. SAME—UMBRELLA STICKS AND CASES.

The Rose patents, Nos. 504,944 and 504,945, for improvements in umbrella sticks and umbrella cases, respectively, construed, and the former *held* valid and infringed (reversing 71 Fed. 881), and the latter *held* not infringed. Acheson, Circuit Judge, dissenting as to the umbrella case patent.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit in equity by John Rose against Henry Hirsh, Otto J. Lang, Alfred C. Hirsh, William Hirsh, and E. M. Hirsh, trading as Hirsh & Bros., for alleged infringement of two patents to complainant for improvements in umbrella sticks and umbrella cases, respectively. The circuit court dismissed the bill (71 Fed. 881), and complainant appealed.

Henry E. Everding and Arthur v. Briesen, for appellant.
J. Bonsall Taylor and W. C. Strawbridge, for appellees.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The suit is for infringement of the first and second claims of letters patent No. 504,944 granted to Rose; and of the first claim of letters patent No. 504,945 granted to Rose.

Claims 1 and 2 of the first of these patents read as follows:

"(1) A tubular metal stick for umbrellas or parasols, said stick being drawn down near one end so that the tubular end portion of the stick is reduced in diameter and increased in thickness as compared with the body of the stick, substantially as specified.

"(2) The combination of the tubular metal stick drawn down near one end so that the tubular end portion of the stick is of less diameter than the body, with the notch applied to said reduced tubular portion of the stick, and the ribs hung to the notch and fitted snugly against the enlarged body of the stick, substantially as specified."

The second claim covers nothing new; the first embraces the entire invention. The "stick" is for use in an umbrella and consequently the claim covers its combination with the other parts of the structure —the circular "notch," ribs and canvas top. The "notch" is fitted to the reduced circumference of this "stick," just as it was previously fitted to the sticks formerly used. The second claim does not, therefore, add anything to the scope of the first.

The infringement of the latter is proved beyond doubt. The defense urged rests on a denial of its validity.

Is this defense sound?

We do not think the allegation that metal tubes with tapering ends, containing an equal quantity of metal throughout their length, —thus having an increased thickness of walls in the tapering ends,— were old is satisfactorily proved. That metal tubes with tapering ends, were old, may be conceded; but that the walls of the ends were so thickened is not clear. The uses for which these tubes were designed did not require such strengthening of the ends, and the surplus metal used to produce the thickened walls would be simply wasted. If any such tubes were previously manufactured it must have resulted as an unintentional incident of the method employed in their manufacture, and not from design. Granting, however, that such tubes were previously made, the fact does not seem important. They did not constitute umbrella "sticks" nor suggest adaptability to this use. What Rose did was to invent and construct a metal umbrella "stick," having a new and useful feature—a tapering end so drawn down as to diminish the diameter of the tip, and part to which the "notch" is attached, without diminution of the metal, thus allowing the ribs and canvas to be folded closer than formerly, and materially increasing the strength of the "stick" where the strain upon it is greatest. We think this is more deserving of a patent, than much that has been adjudged patentable. If metal tubes, such as the defendants' witnesses describe, existed, they did

not, as before stated, suggest the conception embraced in this "stick." At most they only assisted in embodying it. The invention resides in the conception and its embodiment. The existence of the old tube might have aided in the latter; certainly nothing more; and that would be unimportant. The evidence shows, however, that it did not do this; that Rose had no knowledge of the existence of such tubes; but accomplished the construction of those he required through experiment. For the reasons stated we cannot doubt the validity of the patent. The defendants did not doubt it, but admitted it, by the purchase and sale of umbrellas under the patent, until dissatisfaction and dispute arose respecting the prices they should pay. The admission is not, of course, an estoppel; but in view of the defendants' presumed familiarity with the art, such an expression of judgment is evidence, and worthy probably of as much weight as that now expressed by their experts.

Claim 1 of the second patent reads as follows:

"The within-described umbrella case, the same consisting of a tube of leather slitted and provided with fastening devices at the upper end and having at the lower end an internal socket extending throughout the length of the projecting end of the umbrella stick, and fitting snugly thereto, and a ferrule applied to the lower end of said stick, substantially as specified."

"Umbrella cases, consisting of a tube," constructed of various kinds of material, "slitted and provided with fastening devices" at the upper end, were old at the date of the patent. Whether the "socket" and "ferrule" described, were also old, need not be decided. The device covers these three elements. Whether the patent is valid or not, it is not infringed by the defendants' case—from which the "socket" is omitted.

The object of this element in Rose's case is to increase its circumference over the tip, and thus make it correspond there with the circumference at the "notch," rendering the case uniform and smooth throughout. The defendants' case is intended for their own peculiar umbrella, the tip of which is covered permanently with wood, so as to make its circumference correspond with that of the "notch," thus dispensing with the necessity for a socket within the case. This wooden cover is not an equivalent for the omitted element in Rose's case; for it is not a part of the case, but of the peculiar umbrella manufactured by the defendants. The defendants' case cannot be substituted for Rose's; it can only be employed advantageously on the peculiar umbrella described. It thus appears that the two cases are entirely dissimilar in the respect stated; that the one cannot be used advantageously where the other is applicable. The defendants no doubt employ the wooden cover on their tip to dispense with the necessity of using Rose's case. That they thus do it to avoid his monopoly does not, however, afford just grounds of complaint; they have a right to increase the size of their tip in this manner or any other, and thus dispense with the use of his case. If Rose had taken a patent for his umbrella and case combined, a different question would be presented. He did not do this, however, but took a separate patent for the case, because he desired and intended to obtain a monopoly in cases, not simply for the peculiar umbrella

manufactured under his previous patent, but for all others to which it could be applied. The effort now made to read the patents together and to treat them substantially as one, covering the umbrella and case combined, is, of course, unjustifiable. The patent for the case must stand alone, as issued, and so considered it clearly does not cover any case from which either of its essential elements is omitted. The plaintiff's argument in this respect, if sustained, would prohibit any modification in the form of the old umbrella which served to make the old cover fit it smoothly and tightly from end to end, as the plaintiff's fits upon those to which it is applicable.

The decree is reversed and the record remitted to the circuit court with directions to enter a decree in accordance with this opinion.

ACHESON, Circuit Judge (dissenting as to the umbrella case patent). I concur in the opinion of the court in so far as it relates to the patent, No. 504,944, for the tubular umbrella stick. I am, however, constrained to express a dissent from the conclusion which the majority of the court has reached with respect to the umbrella case patent, No. 504,945. In determining the question of infringement here, we ought not to lose sight of the fact that the object of this invention is to convert an umbrella, when the cover is applied thereto, into an operative and useful cane. The function of the "internal socket" is thus stated in the specification:

"The socket, B, completely fills the space between the casing, A, and the projecting stick and ferrule of the umbrella, so as to render the end portion of the case perfectly rigid, as is necessary in order to properly simulate a cane."

The first claim of the patent does not require that this socket shall be immovably attached to the leather casing, or to the ferrule at the lower end of the leather casing, whatever may be the limitations of the second and third claims, which are not here involved. Now, the defendants, instead of placing the socket, in the first instance, within the leather casing, put the socket, under the name of a "tip," upon the projecting end of the umbrella stick; but when the umbrella, with the false tip thereon, is inserted into the leather casing, we have the identical structure of the first claim of the patent. The evidence is conclusive that this false tip subserves no useful purpose whatever to the umbrella itself. Incontestably, the sole object in thus using the false tip is to fill the space between the leather casing and the projecting stick and ferrule of the umbrella when the latter is put into the casing. In my judgment, the contrivance to which the defendants have resorted in order to defeat the plaintiff's patent is a mere subterfuge, and should not avail them as a defense. Hoyt v. Horne, 145 U. S. 302, 309, 12 Sup. Ct. 922; Devlin v. Paynter, 28 U. S. App. 115, 12 C. C. A. 188, and 64 Fed. 398.