ADAMS et al. v. TANNAGE PATENT CO.

(Circuit Court of Appeals, Third Circuit. May 10, 1897.)

1. PATENTS—PRELIMINARY INJUNCTION—PRIOR ADJUDICATION.
    A patentee should not, on motion to dissolve a preliminary injunction, be deprived of the advantage he holds, as the owner of a patent adjudged valid by a court of appeals, upon anything less than thoroughly convincing additional proofs. 77 Fed. 191, affirmed.

2. SAME—PROCESSES FOR TAWING LEATHER.
    The Schultz patents, Nos. 291,784 and 291,785, for processes of tawing leather, held (on appeal from a refusal to dissolve a preliminary injunction) not anticipated, and valid and infringed. 77 Fed. 191, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

This was a suit in equity by the Tannage Patent Company against William W. Adams and others for alleged infringement of letters patent Nos. 291,784 and 291,785, issued January 8, 1884, to Augustus Schultz, for processes of tawing hides and skins. The cause was heard below on motion to dissolve a preliminary injunction, and the motion was denied. 77 Fed. 191. The defendants have appealed.

Hector T. Fenton, for appellants.
Charles Howson, for appellee.

Before DALLAS, Circuit Judge, and BUTLER and BUFFINGTON, District Judges.

DALLAS, Circuit Judge.    This is an appeal from an order denying a motion to dissolve a preliminary injunction restraining the appellants from infringing two patents (Nos. 291,784 and 291,785) issued to Augustus Schultz on January 8, 1884, for a process for tawing hides and skins.    The validity of these patents was earnestly assailed before this court in the case of Tannage Patent Co. v. Zahn, 17 C. C. A. 552, 70 Fed. 1003.    They were then sustained, and we have now no doubt that this was rightly done.    That litigation seems to have been observed with much interest by those engaged in the business concerned, and it is quite evident that some of them are not disposed to abide by its result.    But we think it should be regarded as a finality until sufficient reason for departing from it shall have been made to plainly appear, and that the appellee should not, upon a motion to dissolve a preliminary injunction, be deprived of the advantage it holds as the owner of a patent adjudged by a court of appeals to be valid, upon anything less than thoroughly convincing additional proofs.

We have examined the new evidence adduced in this case, but do not feel called upon on this appeal from an interlocutory order to refer to it in detail.    If it had been introduced in the Zahn Case, it would not have induced a different decision.    It was all considered by the circuit court, and the patent which seems to have been chiefly relied upon there, and which has been mainly pressed here, was particularly discussed by the learned judge below.    We are entirely satisfied with his conclusion.    The objection that the plaintiff is not entitled to maintain this suit because it does not itself manufacture is without force.    Its right to sue for the protection of its licensees is unquestionable.    The decree is affirmed.