ROSE v. FRETZ.

(Circuit Court, E. D. Pennsylvania.  December 2, 1899.)

No. 52.

1. PATENTS—VALIDITY—EFFECT OF PRIOR DECISIONS.
     The owner of a patent cannot be required to uphold it against every successive contestant who may desire to attack its validity upon facts which have previously been decided insufficient to overthrow it.

2. SAME—METAL UMBRELLA STICKS.
     The Rose patent, No. 504,944, for improvements in umbrella sticks, was not anticipated, and discloses patentable invention.

This was a suit in equity for the infringement of a patent.  On final hearing.

Henry E. Everding, for complainant.
M. W. Collett, for respondent.

DALLAS, Circuit Judge.  This suit is for infringement of the first and second claims of letters patent No. 504,944, granted to John Rose, which are:

"(1) A tubular metal stick for umbrellas or parasols, said stick being drawn down near one end, so that the tubular end portion of the stick is reduced in diameter and increased in thickness, as compared with the body of the stick, substantially as specified.  (2) The combination of the tubular metal stick drawn down near one end, so that the tubular end portion of the stick is of less diameter than the body, with the notch applied to said reduced tubular portion of the stick, and the ribs hung to the notch, and fitted snugly against the enlarged body of the stick, substantially as specified."

In Rose v. Hirsh, 23 C. C. A. 248, 77 Fed. 469, the court of appeals for this circuit sustained this patent, although a vigorous attack was then made upon these claims.  It was there said, and is here conceded, that "the second claim covers nothing new; the first embraces the entire invention;" and it was held that "what Rose did was to invent and construct a metal umbrella stick, having a new and useful feature,—a tapering end so drawn down as to diminish the diameter of the tip and part to which the notch is attached, without diminution of the metal, thus allowing the ribs and canvas to be folded closer than formerly, and materially increasing the strength of the stick where the strain upon it is greatest."  That the article thus described has been appropriated by the defendant is fully established; but, again, the patent is assailed, notwithstanding the fact that the disputable presumption of its validity, which resulted from its issuance in 1893, has, by the judgment in Rose v. Hirsh, now been made indisputable, except by the introduction of additional proofs, which, if adduced in that case, would probably have led the court to a different conclusion.  Even upon final hearing, the owner of a patent is not, and should not be, required to up-

hold it against every successive contestant who may venture to question its validity upon facts already decided to be insufficient to justify its overthrow.   Adams v. Patent Co., 39 U. S. App. 662, 26 C. C. A. 326, 81 Fed. 178.

I find nothing in this case upon which the positions taken in defense can, in view of the principle I have referred to, be supported. It is contended that the defendant, and not the plaintiff, was the actual inventor of the umbrella stick in question; but the court of appeals, in Rose v. Hirsh, decided that Rose was the inventor, and this notwithstanding the fact that a witness had testified in that case that Mr. Rose had told him "something either about the umbrella people or Samuel S. Fretz wanting tube with the end portion smaller"; and the testimony now presented respecting Fretz's supposed invention, apart from its denial by other testimony, shows nothing more than that he suggested the want, whereas "the invention resides in the conception and its embodiment."   Rose v. Hirsh, supra.   The evidence offered to show anticipation is not convincing. It may still be said, as was said in the former case, that, "granting * * * that such tubes were previously made, the fact does not seem important.   They did not constitute umbrella sticks, nor suggest adaptability to this use."   Decree for complainant.