LEPPER et al. v. RANDALL.

(Circuit Court of Appeals, Third Circuit. February 3, 1902.)

No. 12, Sept. Term, 1901.

1. PATENTS—INFRINGEMENT—DOCTRINE OF EQUIVALENTS.

A patentee is not to be denied protection commensurate with the scope of his actual and distinctly described invention by wholly excluding him from the benefit of the doctrine of equivalents, even as against one who has made only such changes as are palpably colorable and of such character as to show that they were studied evasions of the particular devices described in the patent.

2. SAME—HAM BOILING WRAPPERS.

The Merrill & Lepper patent, No. 624,839, for a wrapper for hams, claim 3, which claims a wrapper "and lacing devices on the back thereof," is infringed by a wrapper which is in all respects identical with the patented article, except that the fastenings are straps and buckles, instead of a lacing cord engaged with hooks, studs, or eyelets.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

E. Hayward Fairbanks, for appellants.

William Morris, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree dismissing a bill which charges infringement of letters patent No. 624,839, dated May 9, 1899, for "wrappers for hams." 105 Fed. 975. The specification states that:

The "invention consists of a wrapper for boiling a ham therein, more particularly a boneless ham, the same being formed of a piece of canvas or other suitable fabric adapted to envelop a ham, and means for tightly compressing the wrapper thereon and preventing opening thereof, whereby the ham is guarded against disintegration and its juices are retained within the wrapper, thus producing superior results in the flavor, compactness, and appearance of the ham."

The drawings accompanying the specification exhibit a mat or piece of fabric upon which there are four rows of hooks, arranged at right angles, so as to form a quadrilateral figure within the ends of the wrapper. For engagement with these hooks, a cord is provided, and together they constitute a lacing device, by means whereof the ham is tightly and closely secured within the mat. The only claim in question is as follows:

"(3) A wrapper of the character named, formed of a mat and lacing devices on the back thereof, between the corners and center thereof, in series at an angle to each other and to the sides of the mat."

As was said by the court below:

"This invention met with a good deal of success, between 10,000 and 15,000 wrappers being sold during one year. Not long after its introduction to the public, the defendant began to make and sell a wrapper which is in all respects identical with the patented article, except that the fastenings are straps and buckles, instead of a lacing cord, engaged with hooks, studs, or eyelets."

The learned judge who decided the case below had no doubt "that the defendant's straps and buckles are an equivalent of the complainants' cords and hooks," and in this we agree with him; but he held that the complainants were not entitled to invoke the doctrine of equivalency, and this ruling we think was erroneous. By the changes in phraseology which were made pending the application, nothing can fairly be said to have been surrendered or disallowed which the third claim as finally approved plainly included. That claim, as broadly expressed, is for "lacing devices"; and it is not to be implied that either the patent office on the one side or the applicant on the other contemplated any limitation of it which would admit of its evasion by means so palpably colorable as the substitution of straps for cords and buckles for hooks. We cannot impute to either of them an intention to render it practically valueless and its inclusion in the patent a vain thing. Hillborn v. Manufacturing Co., 16 C. C. A. 569, 69 Fed. 958, 28 U. S. App. 525; Société Anonyme Usine J. Cleret v. Rehfuss (C. C.) 75 Fed. 657, 661. It may be conceded that the contrivance claimed, though unquestionably new and useful, was comparatively trivial in character, and it is not necessary to decide whether or not its conception was a primary one; for in no case is a patentee to be denied protection commensurate with the scope of his actual and distinctly described and claimed invention by wholly excluding him from the benefit of the doctrine of equivalents. That doctrine, therefore, should have been applied in this case; for it is plainly obvious

that the departures made by the defendant from the patent in suit are merely formal, "and of such character as to suggest that they are studied evasions of those described in the claim in issue." Bundy Mfg. Co. v. Detroit Time-Register Co., 36 C. C. A. 375, 391, 94 Fed. 524; Boston & R. Electric St. Ry. Co. v. Bemis Car-Box Co., 25 C. C. A. 420, 424, 80 Fed. 287.

The decree of the circuit court is reversed, and the cause will be remanded to that court, with direction to enter a decree in the usual form for the complainants.