KAHN et al. v. STARRELLS.

(Circuit Court of Appeals, Third Circuit. February 13, 1905.)

No. 43.

PATENTS—VALIDITY AND INFRINGEMENT—FLAT KNIT CAPS.

The Kahn patent, No. 669,011, claims 1 and 2, for a method of forming flat knit caps by expanding a tube of knitted fabric, having a band-forming selvage at one end, and setting it in the desired shape, instead of shaping the cap in the knitting as previously practiced, the result being to greatly increase the rapidity with which the caps can be made, and lessen the cost, disclosed patentable invention. Claim 3 for the product is void for lack of novelty. Claims 1 and 2 also held infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 131 Fed. 464.

Joseph C. Fraley, for appellants.

L. L. Smith, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. The decree of the Circuit Court dismissed a bill of the appellants which charged the appellee with infringement of all three claims of patent No. 669,011, dated February 26, 1901, issued to Nathan E. Kahn, assignor to Adella Kahn and Arthur H. Stephenson, for "flat knit cap and art of making same." The first two claims are for a method of forming flat knit caps, and the third claim is for the flat knit cap produced by that method, as a new article of manufacture. We think the court below was clearly right in holding the third claim to be invalid, and we deem it unnecessary to add anything upon that subject, especially in view of the fact that the learned counsel of the appellants have stated that the enforcement of claims 1 and 2 will suffice to give them full protection. But we are of opinion that the two process claims should have been sustained, and held to have been infringed. Those claims are as follows:

"(1) The method of forming flat knit caps, which consists in forming an elongated tubular body with a band-forming selvage at its lower open end, then flattening the tube by expanding it in a single narrow plane at a point between its ends, said plane being at a right angle to the longitudinal axis of the tubular body, and finally setting the article in its flat distended shape; substantially as described.

"(2) The method of forming flat knit caps, which consists in forming an open-ended tube of knit fabric with a band-forming selvage at one end, then raising a nap on the exterior of the tube, then closing the top of the tube by gathering the edge thereof together about its axis, then flattening the tube by expanding it or distending it at a point between its ends, the plane of such expansion being at a right angle to the longitudinal axis of the tubular body, and finally setting the article in its flat distended shape; substantially as described."

The learned judge, rightly understanding the second claim to be indicative of the entire invention, confined his attention to it; and he held, as being "the controlling thing against the patentability of this process, that not only does it repeat what is old in the art, but in what is done, as well as in the way of doing it, it exactly dupli-

cates the method already in vogue, differing from it only in the degree of prominence given to certain of the steps employed." The essential postulate of this proposition is that the method of the patent differs from what was old in the art only in the degree of prominence given to certain of the steps employed, and to this we cannot assent. As Kahn correctly stated in his specification, by his invention "an organized method of manufacture is afforded, which is very simple, and enables the articles to be produced with greater economy, while yet possessing all the desirable qualities of the more costly products." Of the methods which theretofore had been employed to produce the flat shape which is characteristic of these "Tam O'Shanter" caps, the only one that seems to have materially influenced the court below, or which need be referred to here, is that in which the shaping was effected by knitting. It is true that this was followed by blocking, but that only made the caps smoother and more symmetrical. The knitting shaped them, and, in order that it might do so, was necessarily complicated, and much retarded. This the patented method practically avoided. Kahn still knits the elastic band which fits the head, and by reason of this, and of the fact that enough web to make a number of caps is continuously knitted, the fabric is not produced in unvarying cylindrical form, but is somewhat narrowed at the points where the head bands occur; and it may, in a sense, be said that "this involves a certain amount of fashioning, and produces, not a cylindrical tube, but one * * * that is globular or balloon-shaped." It, however, does not fashion or shape a cap, or anything which, without further shaping, could be taken to be one; whereas in the prior art, when the caps came from the knitting machine, they were fully fashioned, and all that followed was a mere finishing operation, which, without changing their shape, gave them a more shapely appearance. In brief, the old process involved a substantially complete shaping by knitting, while that of the patent provides for shaping after the knitting has been done. This, we think, does not merely constitute a difference in degree, but plainly distinguishes the two methods; and with respect to a matter of especial consequence, for, as was said by the court below, the method of Kahn has enabled a cap to be made with greater rapidity, and cheapened the cost, "ten dozen being possible, where only one dozen was before."

The defendant was absolved from the charge of infringement upon the ground that, though in all else he unquestionably practiced the patented method, his band-forming selvage was not produced as an integral part of the tubular body, but was separately knitted, and afterwards united to the body by sewing. It may well be doubted whether, notwithstanding the description of continuous knitting in the specification, the terms of the claims themselves should not be given controlling effect, and be held to be distinctly inclusive of an "elongated tubular body," or "open-ended tube of knit fabric, with a band-forming selvage at one end," whether formed in one piece or from two pieces of material. But, be this as it may, it seems to us that to permit the defendant to obtain the benefit of the essential feature of Kahn's invention, by reason of

such an obviously unimportant variance in detail, would practically be to deprive the owners of this patent of the monopoly to which by law they are entitled. Lepper v. Randall, 113 Fed. 627, 51 C. C. A. 337.

Having reached the conclusion that claims 1 and 2 are valid, and that they were infringed by the defendant, the decree dismissing the bill must be reversed, and the cause be remanded for further proceedings in conformity with this opinion; and it is so ordered.