KAHN et al. v. STARRELLS.

(Circuit Court, E. D. Pennsylvania. May 16, 1905.)

No. 17.

PATENTS—VIOLATION OF INJUNCTION AGAINST INFRINGEMENT—CONTEMPT PROCEEDINGS.

A defendant *held* in contempt, on the evidence, for violation of a permanent injunction against infringement of a patent.

On Motion to Attach for Contempt.

Fraley & Paul, for complainants.

L. L. Smith and Joshua Pusey, for respondent.

J. B. McPHERSON, District Judge. In Kahn et al. v. Starrels, 135 Fed. 532, the Circuit Court of Appeals, reversing the decision reported in (C. C.) 131 Fed. 464, sustained the validity of the first and second claims of letters patent No. 669,011, which relate to the process of making flat caps, or tam-o'shanters. These claims, which are both for a process, are as follows:

"(1) The method of forming flat knit caps, which consists in forming an elongated tubular body with a band-forming selvage at its lower open end, then flattening the tube by expanding it in a single narrow plane, at a point between its ends, said plane being at a right angle to the longitudinal axis of the tubular body, and finally setting the article in its flat distended shape, substantially as described.

"(2) The method of forming flat knit caps, which consists in forming an open-ended tube of knit fabric with a band-forming selvage at one end, then raising a nap on the exterior of the tube, then closing the top of the tube by gathering the edge thereof together about its axis, then flattening the tube by expanding it or distending it at a point between its ends, the plane of such expansion being at a right angle to the longitudinal axis of the tubular body, and finally setting the article in its flat, distended shape, substantially as described."

The seventh paragraph of the decree that was entered by the circuit court to carry out the order of the Court of Appeals directs—

"That a perpetual injunction issue out of and under the seal of this court, perpetually enjoining and restraining the said defendant, Morris Starrells, and his servants, agents, attorneys, employés, workmen, and confederates, and each and every one of them, from directly or indirectly making, constructing, or manufacturing flat knit caps by the method or process described in said letters patent of the United States, No. 669,011, and particularly recited in the first and second claims thereof, or in any wise counterfeiting or imitating the said invention, and particularly from employing the method of manufacture which the said defendant has hitherto employed in the manufacture of knit caps in infringement of said letters patent."

The complainants aver that the defendant has violated the injunction, which was served upon him on March 30, 1905, by continuing to use the patented process, and upon this point witnesses were heard in open court; affidavits having been received only so far as they were offered to contradict the oral testimony given by two of the witnesses. The specific act of violation charged against the defendant was the manufacture of a cap marked "Exhibit B," and concerning this cap the following stipulation was entered into by counsel and noted by the stenographer at the hearing:

"It is stipulated between counsel for the respective parties in the above case that upon the hearing of the order granted by Hon. J. B. McPherson on the 10th day of April, 1905, requiring the defendant to show cause why an attachment should not issue against him for contempt of an injunction of the court, the defendant, Morris Starrells, will admit that the cap marked in this cause 'Exhibit B,' or others in all respects identical therewith, was manufactured by the defendant at his factory at 218 Arch St., Philadelphia, subsequent to the service upon the defendant on March 30, 1905, of the injunction issued in this cause."

A great deal of defendant's evidence was offered in support of his contention that he is now making caps by a method which does not infringe the patent, because it does not involve distending the cap at any stage of the process. Whether this is true or not, I have not considered it material to decide, except so far as Exhibit B is concerned, for it is clear that, while the defendant may be making some caps by a process that does not infringe, he may also have made others, in which Exhibit B may be included, in defiance of the injunction. I have no intention of discussing the conflicting evidence concerning Exhibit B. It is sufficient to say that I have attentively considered it all, aided by the advantage of having heard the witnesses examined and cross-examined in my presence, and have weighed it to the best of my ability. The result is that I am satisfied that Exhibit B was made by the patented process, and I so find as a fact. The defendant has therefore disobeyed the injunction, but, as the complainants only ask for a nominal punishment, no other will be inflicted.

It is accordingly ordered that the defendant, Morris Starrells, pay the costs of this proceeding for contempt, including the stenographer's charges, on or before the 25th day of May, 1905.