COHEN et al. v. STEPHENSON & CO.

(Circuit Court of Appeals, Third Circuit. January 15, 1906.)

No. 36.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where a patent has been sustained by a Circuit Court of Appeals, the only question open on an application for a preliminary injunction in a subsequent suit in the same circuit is that of infringement, unless new evidence of invalidity of a conclusive character is produced.

[Ed. Note.—Effect of previous decisions in patent cases in Circuit Court of Appeals, see notes to National Cash Register Co. v. American Cash Register Co., 3 C. C. A. 565; Thomson-Houston Electric Co. v. Hoosick Ry. Co., 27 C. C. A. 427; United States Freehold Land & Em. Co. v. Gallegos, 32 C. C. A. 475.]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Walter C. Pusey, for appellants.

Joseph C. Fraley, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal from a decree for a preliminary injunction, restraining the defendants below (appellants here) from infringing the first two claims of patent No. 669,011, dated February 26, 1901, which was issued to Nathan C. Kahn, assignor, etc., for improvements in the art of making Flat Knit Caps.

The assignment of errors is based upon the assumption that, because, as it avers, the proofs "were at least sufficient to raise a reasonable doubt as to the validity of claims 1 and 2," and "as to the infringement by defendants" of those claims, a preliminary injunction should not have been awarded. But the position thus taken, however impregnable it might be in some cases, is untenable in this one. These claims were sustained by this court in Kahn v. Starrells, 135 Fed. 532, 68 C. C. A. 82, and, in view of that decision, evidence sufficient merely to raise a doubt, even though it be a reasonable one, as to their validity, would not, in this subsequent suit, have justified a denial of an injunction pendente lite; for "upon applications for preliminary injunctions to restrain infringement of patent rights, after the validity of the patent has been sustained by a circuit court of appeals, the general rule, as authoritatively laid down in this circuit, is that the only question open is that of infringement; the consideration of other defenses being postponed until final hearing, except where there is new evidence of such a conclusive character that, if it had been introduced in the former case, it would probably have led to a different deter-

mination, the burden of establishing which is upon the defendant, against whom every reasonable doubt is to be resolved. Philadelphia Trust, Safe Deposit & Insurance Co. v. Edison Electric Light Co., 13 C. C. A. 40, 65 Fed. 551." Tannage Patent Co. v. Adams et al. (C. C.) 77 Fed. 191; Adams v. Tannage Patent Co., 81 Fed. 178, 26 C. C. A. 326. It may be, that should this case be defended to final hearing, new evidence will be presented, to which careful consideration should then be accorded; but at this stage, we deem it inexpedient to say more than that the additional testimony which the present record discloses, is not, in our opinion, so conclusive in character as to preclude the application of the rule we have stated.

The defense of noninfringement has not been separately discussed in the briefs of counsel, and we need not enlarge upon it. The defendants below do not substantially complete the shaping of their caps by knitting, but shape them after the knitting has been done; and in this, as we said in Kahn v. Starrells, the essence of the patented invention resides.

The decree of the Circuit Court is affirmed.