## BYERLEY v. ELLIS CO.

(Circuit Court, D. Delaware. May 17, 1911.)

No. 306.

1. PATENTS (§ 297*)—SUITS FOR INFRINGEMENT—EFFECT GIVEN TO PRIOR AD-
JUDICATIONS.

Where, in an earlier adjudication of a patent, a rule determining in-
fringement or noninfringement upon a given state of facts has been laid
down or recognized by the appellate court, a lower court, in subsequently
dealing with the patent on a similar or substantially similar state of
facts, is as much bound to follow such rule of infringement as to recog-
nize the validity of the patent theretofore upheld by the higher court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec.
Dig. § 297.*

Operation and effect of decision in equitable suit for infringement, see
note to Westinghouse Electric & Mfg. Co. v. Stanley I. Co., 68 C. C. A.
541.]

2. PATENTS (§ 328*) — VALIDITY AND INFRINGEMENT — ASPHALTIC PETROLEUM
PRODUCTS AND PROCESS OF MAKING SAME.

The Byerley patent, No. 524,130, for a process of making asphaltic
products from the residuum of petroleum after distillation and for the
product itself, held valid and infringed, on a motion for preliminary in-
junction, following prior adjudications.

In Equity. Suit by Francis A. Byerley, as executor, trustee, and
individually, against the Ellis Company. On motion for preliminary
injunction. Motion granted.

Fish, Richardson, Herrick & Neave, for complainant.
Marvel & Marvel and Robert P. Graham, for defendant.

BRADFORD, District Judge. This is an application for a pre-
liminary injunction. The bill charges infringement by the Ellis Com-
pany of United States letters patent No. 524,130, dated August 7,
1894, and granted to Francis X. Byerley, now deceased, and prays an
injunction and account. The patent in suit is for alleged improvements
in the manufacture of asphalt and other products from petroleum, and
relates more particularly to the manufacture of solid bodies from
petroleum. The patent contains twelve claims of which claims Nos.
1, 2, 3, 6, 7, 8, 9 and 10 are in issue. [1] These claims were sustained
by the Circuit Court for the Eastern District of Pennsylvania in Byer-
ley v. Sun Co. (C. C.) 181 Fed. 138, and by the Circuit Court of Appeals
in the same case, 184 Fed. 455. Their validity, therefore, is not open
to question in this court unless under exceptional circumstances. Cohen
v. Stephenson & Co., 142 Fed. 467, 73 C. C. A. 583. After examining
the affidavits on both sides I have failed to find anything so conclusively
pointing to the invalidity of the claims in suit, or any of them, as to
prevent the application of the general rule. The question of infringe-
ment must be determined on the particular facts in any given case,
regard being had to the scope of the claims as governed by their lan-
guage and the liberality or strictness of construction properly appli-
cable to them. But this is subject to the qualification that where in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

earlier adjudication of the patent a rule determining infringement or noninfringement upon a given state of facts has been laid down or recognized by the appellate court, the lower court in subsequently dealing with the same patent on a similar or substantially similar state of facts is as much bound to follow such rule of infringement as to recognize the validity of the patent theretofore upheld by the higher court. [2] On the whole I have, not without some hesitation, reached the conclusion that the several claims in issue have been infringed by the defendant and a case made for the awarding of a preliminary injunction on the giving by the complainant of a substantial injunction bond with surety. Let an interlocutory decree be prepared and submitted accordingly.