## DAY v. CHAS. H. LILLY CO.

### (District Court, W. D. Washington, N. D. March 1, 1915.)

#### No. 27.

PATENTS ⬥⇒328—CONSTRUCTION—ANTICIPATION—INVENTION.

Patent No. 727,597, for an automatic watering device for chickens, consisting of the combination of a jar or bottle, with the top so constructed that a cap may be screwed upon it, a pan with the bottom raised toward the center, and an opening through the inverted screw-cap, etc., *held*, despite the prior art, to show invention and not mere mechanical adjustment.

In Equity. Bill by John Mills Day against the Chas. H. Lilly Company, a corporation. Decree for complainant.

F. W. Howell, of Seattle, Wash., for complainant.
Peters & Powell, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Complainant alleges an infringement by defendant of complainant's patent for a device to be used in watering chickens. This device is covered by letters patent No. 727,-597, and is described therein as follows:

"1. In an automatic watering device, the combination of a jar or bottle. with the top so constructed that a cap may be screwed upon it, a pan with

the bottom raised toward the center, an inverted screw-cap for said jar secured to said pan near the center of its raised bottom, with an opening through said inverted screw-cap near the perimeter of the lower part of the same, said opening being lower than the sides of said pan, so that said pan may be attached to the said jar or bottle by means of said screw substantially as described.

"2. In an automatic watering device, the combination of a jar or bottle, with a top so constructed that a cap may be screwed upon it, a pan with the bottom raised toward the center, an inverted screw-cap for said jar secured to said pan near the center of its raised bottom, with an opening through said inverted screw-cap near the perimeter of the lower part of the same, said opening being lower than the sides of said pan, so that said pan may be attached to said jar or bottle by means of said screw and a bar across underneath the raised bottom of said pan to serve as a handle, substantially as described.

"3. In a watering device the combination of a pan with a screw-cap inversely attached to the inside of said pan, with an opening in said cap to admit of the passage of air and water, the sides of said pan rising higher than said opening, and a jar or bottle attached to said cap.

"4. In a watering device, the combination of a fruit-jar or bottle with the top so constructed that a cap may be secured thereto, and a pan having secured within itself a cap so constructed as to be attached to the top of said jar or bottle, with an opening in said cap at a point above the bottom of said pan but below the sides of the same, substantially as described."

The defendant admits the manufacture and sale by it of a device identical to that described in claims 1 and 2. The defense made is that, in view of the prior state of the art, there is no such novelty in the article designed by complainant as to render it patentable; that, if it is an improvement over what was known to the prior art and, more expressly, an improvement upon the device covered by letters patent No. 645,680, it is only such improvement as would require ordinary mechanical skill to produce and is not of such an ingenious and novel nature as to uphold the letters patent.

Complainant does not contend that his patent covers the design of a bottle or jar set in a pan with an opening below the upper rim of the pan, which, when the bottle or jar is filled with water, inverted and placed in the pan—as the water flows out of the jar and rises above such opening, will be sealed and thus prevent the escape of further water from the jar until sufficient has been removed from the pan to lower the surface of the water to the opening. Such arrangement is termed a "waterseal" and is old in the art and conceded to be nonpatentable.

It is the attachment of the inverted jar top in and to the bottom of the pan, into which top the jar may be screwed, making of the interior of the pan, around the inverted jar top, a reservoir into which the contents of the jar will flow until the opening is sealed. The advantages of this device over what was known to the prior art are: A wide mouth jar, which is more easily filled and kept clean; greater stability on account of the screw and attachment of the jar top to the pan, rendering the handling of the whole more convenient; the better accomplishment of the primary object sought to be attained with greater simplicity of design and construction.

The device covered by patent No. 645,680, instead of such an attached jar, included in its design an inverted bottle, resting by its weight in a collar over the pan with a peg attached to the pan bot-

tom inserted loosely in the neck. The arms supporting the collar rise from the rim of the pan, and are therefore outside of the drinking fountain, or reservoir from which the chickens are expected to drink. These arms constitute obstructions keeping the dirt in the pan and rendering its removal more difficult, and also making the water more difficult of access to the chicken and forming at times a trap for small chickens.

While the accomplishment of one of the advantages pointed out in the present device might be an improvement to be expected from the exercise of ordinary mechanical skill, the accomplishment of all of them, with the simpler and obviously less cumbersome and expensive device, shows such ingenuity and original conception as to render the contrivance patentable.

Decree may be entered in accordance with the above.