### DAY v. AABLING-EBRIGHT SEED CO.

(District Court, W. D. Washington, N. D. March 20, 1916.)

#### No. 70.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—DEVICE FOR WATERING CHICKS.

The Day patent, No. 727,597, for an automatic watering device for chicks, *held* not anticipated, valid, and infringed.

In Equity. Suit by John Mills Day against the Aabling-Ebright Seed Company. On final hearing. Decree for complainant.

E. W. Howell and John Mills Day, both of Seattle, Wash., for complainant.

Trefethen, Grinstead & Laube, of Seattle, Wash., Chappell & Earl, of Kalamazoo, Mich., and Hirschl & Hirschl, of Chicago, Ill., for defendant.

NETERER, District Judge. Complainant charges defendant with infringing a device for watering chicks, covered by his letters patent No. 727,597, in which he makes the following claims:

"1. In an automatic watering device, the combination of a jar or bottle, with the top so constructed that a cap may be screwed upon it, a pan with the bottom raised toward the center, an inverted screw cap for said jar secured to said pan near the center of its raised bottom, with an opening through said inverted screw cap near the perimeter of the lower part of the same, said opening being lower than the sides of said pan, so that said pan may be attached to the said jar or bottle by means of said screw, substantially as described.

"2. In an automatic watering device, the combination of a jar or bottle, with a top so constructed that a cap may be screwed upon it, a pan with the bottom raised toward the center, an inverted screw cap for said jar secured to said pan near the center of its raised bottom, with an opening through said inverted screw cap near the perimeter of the lower part of the same, said opening being lower than the sides of said pan, so that said pan may be attached to said jar or bottle by means of said screw and a bar across underneath the raised bottom of said pan to serve as a handle, substantially as described.

"3. In a watering device, the combination of a pan with a screw cap inversely attached to the inside of said pan, with an opening in said cap to admit of the passage of air and water, the sides of said pan rising higher than said opening, and a jar or bottle attached to said cap.

"4. In a watering device, the combination of a fruit jar or bottle with the top so constructed that a cap may be secured thereto, and a pan having secured within itself a cap so constructed as to be attached to the top of said jar or bottle, with an opening in said cap at a point above the bottom of said pan but below the sides of the same, substantially as described."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A combination of a jar and pan, by inverting the jar filled with water into the pan, permitting the water to rise above the opening and seal it, and not permit the water to leave the jar until the water has been lowered beneath the opening or mouth of the inverted jar, is old in the art and not a novelty. Nor is it novel to provide a space for the passage of water and air between the opening of the jar and the bottom of the pan. Old results more advantageously obtained by new devices are a novelty, Rose v. Hirsh, 77 Fed. 469, 23 C. C. A. 246; Sewing Mach. Co. v. Frame (C. C.) 24 Fed. 596. The combination of an inverted jar and pan with a screw attachment, with an opening to afford passage of air and water, has been held by Judge Cushman, in Day v. Lilly, 234 Fed. 661, to be a novelty, and I will adopt such conclusion. It is admitted that the defendants are vending the "All-Rite Chick Fountain," manufactured by Keyes-Davis Company, and the "Star Fountain and Feeder," manufactured by Otis & Moe. I think that the "Star Fountain and Feeder" clearly is within the claims of the plaintiff:

"A screw cap inversely attached to the inside of such pan, with an opening * * * to admit the passage of air and water, the sides of said pan rising higher than said opening, and a jar * * * attached to said cap."

The fact that the screw is in sections, rather than continuous, does not change the principle or combination. The result and the relation of all of the elements, the jar, the pan, and water, are the same in the "All-Rite Chick Fountain" as in complainant's device. The jar, instead of being secured by the "screw cap inversely attached to the inside of said pan," is supported by a "wire loop" secured to the top and outside of the pan, and so adjusted as to secure the neck of a glass jar, holding it within the pan, leaving space between the jar and the bottom of the pan to admit the passage of air and water, practically the same as plaintiff's device.

The fact that the same result is obtained does not make it an infringement, if the same combination of elements and devices are not used, and it is not merely a "colorable evasion." The jar, the pan, and the "wire loop," or screw, are not in themselves novelties. It is the combination of elements which secures the jar within the pan, so as to permit the passage of water and air that is novel. These elements are different, and not similarly applied. The one (complainant's) secures the inverted jar by a screw cap firmly attached to the inside of the pan, while the other (Keyes-Davis Co.'s) secures the inverted jar by a detachable "wire loop" fastened over the top on the outside of the pan.

A decree may accordingly be prepared.