## MACBETH et al. v. GILLINDER et al.

(Circuit Court, E. D. Pennsylvania. May 10, 1889.)

### No. 6.

1. **PATENTS FOR INVENTIONS—COMITY BETWEEN CIRCUIT COURTS.**
   A circuit court will not disregard a decision by another circuit court sustaining a patent, and declaring infringement, unless fully convinced that such decision is erroneous, and the existence of a grave doubt as to the soundness thereof is not sufficient warrant for refusing to follow it.

2. **SAME—VALIDITY—DESIGNS FOR LAMP CHIMNEYS.**
   Letters patent No. 14,373, issued October 30, 1883, to George A. Macbeth, as assignee of Henry Dietrich, for a design for lamp chimneys, consisting in what is called the "pearl top," are valid.

3. **SAME—ABANDONMENT—INFRINGEMENT.**
   It is not an infringement of this patent to make or sell a lamp chimney with a so-called "prism top," as the original application included such a top, which was stricken out at the suggestion of the patent office, and the patentee, by accepting his patent, with this amendment, waived his claim to such design as effectually as if he had filed a disclaimer thereof, upon the suggestion of the patent office.

4. **SAME.**
   The fact that the patentee subsequently applied for and received another patent for what is claimed to be virtually the same design would not affect the force of the estoppel against him under the former patent; for, if it was the same design, the new patent merely added force to the implication that it was not included in the old one, and, if it was not the same design, the taking of the new patent was a renewal of the assertion that this design was open to the public.

In Equity. Bill by Macbeth and others against Gillinder and others for infringement of a design patent. Decree for complainants.

James I. Kay, Francis T. Chambers, and George H. Christy, for plaintiffs.

George Harding and George J. Harding, for defendants.

BUTLER, District Judge. The suit is for infringing letters patent No. 14,373—"Designs for Lamp Chimneys"—granted to George A. Macbeth, assignee of Henry Dietrich, October 30, 1883. This patent was involved in a suit by the same plaintiffs against Evans & Co.,[1]

---

[1] No opinion rendered.

in the circuit court at Pittsburgh, No. 19, November term, 1884. It was there held to be valid; and a crimp-top chimney, such as that manufactured by the defendants, and here involved, was held to be an infringement. Unless, therefore, we disregard that decision the bill must be sustained, and the defendants held responsible to this extent. We cannot disregard it, unless fully convinced that it is erroneous. The importance of uniformity of decisions in courts of co-ordinate jurisdiction and authority, is such that even grave doubt respecting the soundness of a particular decision is not a sufficient warrant for disregarding it. The proper remedy, where such doubt exists, is by appeal. To courts of last resort this rule does not apply with equal force. The controlling effect of their decisions on all inferior tribunals within their jurisdiction, secures uniformity. We listened to an earnest and very able argument, intended to convince us that the decision at Pittsburgh is erroneous. We have patiently and fully considered what was urged; but we are not convinced. We must therefore follow *Macbeth v. Evans.*

Nothing remains but to determine whether the defendants' "prism-top" chimney, is an infringement. When the case was before us on motion for preliminary injunction, we were not satisfied it was an infringement, and we therefore refused to include it in the writ issued. When application for the patent was originally made the patentee claimed not only the "pearl top," but also two other designs, one of which was substantially, if not absolutely, identical with the defendants' "prism top"—as appears by the drawings filed. He was informed by the office that these several designs could not be embraced in the letters applied for; whereupon he amended the application, withdrawing therefrom everything except the pearl top,—illustrated by the figures accompanying the patent. In view of these facts he cannot now be permitted to claim that the letters cover the top in question. If it were proved, as he asserts, that the patent might, in the absence of these facts, be construed to embrace it—that the office was mistaken, and he was misled—the result would be the same. He cannot be permitted to turn round after obtaining a patent on the only terms upon which the office would grant it, and after declaring by his conduct, and language as emphatic as he could employ, that this top is not embraced, hold those who have engaged in its manufacture, guilty of infringement. He is estopped by the circumstances under which the patent was obtained. The case cannot be distinguished in principle, from those in which a patentee at the instance of the office, or to avoid some obstacle in his way, disclaims a part of his original demand. Here, as there, the part yielded and abandoned, cannot subsequently be set up as protected by the patent. The argument based on the fact that the language of the claim was not changed, has little force. The patentee having agreed to omit this top, and obtaining his patent by this means, the claim must be read accordingly, even though this may limit the scope to which it otherwise would be entitled.

We attach little importance to his subsequent conduct in applying for and taking the "Macbeth patent." If it is virtually for the same top as that withdrawn from the former patent, his conduct in taking

it was a repetition of his declaration that this top was not embraced in the former patent; but this could add nothing to the force and effect of what preceded it. The record of the office was a continuing declaration to the public that this design was not embraced in the patent under consideration. If the "Macbeth patent" is not, as the plaintiff asserts, for the prism top, the effect of his former conduct is not weakened, but rather strengthened by taking this patent; for in such case it not only was at the time, but continues to be an assertion that the manufacture of this top is open to all who may choose to engage in it. A decree will be entered in accordance with this opinion.