## CLAUDE NEON LIGHTS, Inc., v. AMERICAN NEON LIGHT CORPORATION et al.

District Court, S. D. New York. January 26, 1929.

Bohleber & Ledbetter, of New York City (Edwin J. Prindle, Thomas Ewing, and William Bohleber, all of New York City, of counsel), for plaintiff.

Charles J. Holland, of New York City, for defendants.

GODDARD, District Judge. The plaintiff's patent has been held valid by the Circuit Court of Appeals of this circuit in Claude Neon Lights v. E. Machlett & Son, 27 F.(2d) 702, and the question presented here is whether the defendants' process infringes that of the plaintiff's, and the precise point is whether the defendants' tubes electrodes are deprived of occluded gases, within the meaning of claim 1 of the patent. Upon consideration of all the papers submitted on this motion, it is apparent that this must be answered in the affirmative. The patent provides that the electrodes shall be deprived of their occluded gases "until the last detrimental traces of foreign gases are absorbed and the tube not only acquires its full brilliancy but retains it indefinitely." The process described in the patent does not require that the occluded gases should be absolutely removed.

It appears that the original affidavits of the defendants failed to include in their de-

scription of their process an important step, even if it be assumed that defendants endeavored to fill the electrodes with nitrogen and hydrogen before it was subjected to this step. In a subsequent brief, the defendants sought to include this step by setting it forth in an alleged enumeration of the steps referred to in the affidavit. The feature which had not been referred to was the reduction of the vacuum in the tubing of three ten-one thousandths of a millimeter of vacuum after the electrodes had been heated with 16 times the normal current. The affidavits submitted by the defendants refer only to the use of the vacuum of three-tenths of a millimeter. Therefore the vacuum, which was undisclosed, was 1,000 times greater than the one which was revealed, and defendants' process uses both of these vacuums; the lower one during the heating of the electrodes and the higher one in the step immediately following, and it appears, from all the papers submitted on this motion, that plaintiff has presented a situation which entitles it to a preliminary injunction.

Therefore the motion for a preliminary injunction is granted.