## CLAUDE NEON LIGHTS, Inc., et al. v. GARDNER SIGN CO. et al.

### No. 2260.

District Court, W. D. Pennsylvania.

Sept. 30, 1929.

See, also (D. C.) 36 F.(2d) 827.

Brown & Critchlow, of Pittsburgh, Pa., and William Bohleber, of New York City, for plaintiffs.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

Plaintiffs present a clear case for a preliminary injunction, unless their rights thereto have been lost by laches.

Claim 1 of patent No. 1,125,476, issued January 19, 1915, covering a "System of Illuminating by Luminescent Tubes," is involved. This claim is as follows:

"A luminescent tube containing previously purified neon and provided with internal electrodes for illuminating said gas, said electrodes being deprived of occluded gases and having an area exceeding 1.5 square decimeters per ampere, to decrease the vaporization of the electrodes and prevent the consequent formation upon the walls of the tube, in proximity to said electrodes, of deposits containing said gas, whereby the luminosity of the tube is maintained constant for a very considerable period of time without a fresh introduction of gas."

There is no question of title. The patent was held valid by the Circuit Court of Appeals of the Second Circuit in Claude Neon Lights v. E. Machlett & Son, 27 F.(2d) 702. A petition for a writ of certiorari was denied by the Supreme Court. 278 U. S. 634, 49 S. Ct. 32, 73 L. Ed. 551. The patent has also been sustained in other districts.

The plaintiffs make out a prima facie case of infringement on the part of defendants by the affidavits of John Erskine and Elmer H. Schwarz. The defendants do not seriously deny these affidavits, but aver that the tube sign they are now using does not infringe, and that they discontinued making the sign described in the Erskine and Schwarz affidavits some months ago, but after this suit was brought. By their answer, however, they denied validity and infringement of the patent.

This suit was filed September 12, 1928. The motion for a preliminary injunction was made on August 21, 1929, and was heard on bill, answer, and injunction affidavits. In the meantime, the plaintiffs have done nothing, so far as these defendants are concerned, which would work an equitable estoppel against them to claim a preliminary injunction. On the contrary, when the defendants were notified by the plaintiffs' counsel that their written complaint of infringement had been referred to the patent counsel of defendant corporation, i. e., the Sun Ray Gas Corporation of Cleveland, the plaintiff, Claude Neon Lights, Inc., proceeded to press suit against the Sun Ray Gas Corporation with such effect that on or about June 27, 1929, the patent was held valid, and the Sun Ray Gas Corporation was found to be an infringer thereof by the report of the special master filed in that case.

The rule of practice to be followed in application for preliminary injunctions in patent suits has been laid down by the Circuit Court of Appeals of this Circuit, in Philadelphia Trust Co. v. Edison, 65 F. 551, 552, as follows:

"Our present inquiry is to ascertain the rule of practice which has been generally followed in disposing of motions for preliminary injunctions against persons who are charged with the infringements of patents. * * * In cases similar to the one before us 'the general rule is that where the validity of the patent has been sustained by prior adjudication, and especially after a long, arduous, and expensive litigation, the only question open, on motion for a preliminary injunction, in a subsequent suit against another defendant, is the question of infringement, the consideration of the other defenses being postponed until final hearing. * * * The only exception to this general rule seems to be where the new evidence is of such a conclusive character that if it had been introduced in the former case it would probably have led to a different conclusion. The burden is on the defendant to establish this, and every reasonable doubt must be resolved against him.'"

This rule has been cited since with approval by our Circuit Court of Appeals in Cohen v. Stephenson, 142 F. 467; and Elite Pottery Co. v. Dececo Co., 150 F. 581.

Applying that rule to the instant case, the plaintiffs are clearly entitled to a preliminary injunction. The delay from September 12, 1928, to August 21, 1929, would not seem to be such an unreasonable delay as would bar a court of equity from granting them relief. The Circuit Court of Appeals for the Eighth Circuit, opinion by Judge Sanborn, in Stearns-Roger Mfg. Co. v.

Brown, 114 F. 939, held that a delay from January 4, 1897, to October 8, 1900, in applying for a preliminary injunction, would not bar the right to it.

In the instant case, there is a good reason for delay while the plaintiffs were trying their case against the Sun Ray Gas Corporation, pointed out by the defendant corporation as its "parent company."

 Turning now to the claim of the defendant that there is no necessity for this preliminary injunction in view of the affidavit filed in behalf of defendant that it discontinued the use of the alleged infringing structure "several months ago," we have only to say that the possibility of infringement still exists. There would be nothing to prevent them from changing back to the original product at any time, were this motion for a preliminary injunction denied. In such cases the courts will issue injunctions, for no harm will come to the defendant, unless he does actually continue infringement. See Deere & Webber Co. v. Dowagiac Mfg. Co. (C. C. A.) 153 F. 177; General Electric Co. v. New England Electric Mfg. Co. (C. C. A.) 128 F. 738.

The motion for a preliminary injunction will be granted. Let a decree be submitted accordingly.