## CLAUDE NEON ELECTRICAL PRODUCTS, Inc., v. BRILLIANT TUBE SIGN CO. et al.

### No. 6221.

Circuit Court of Appeals, Ninth Circuit.

March 23, 1931.

Lyon & Lyon, of Los Angeles, Cal., William Bohleber, of New York City, Leonard S. Lyon and R. E. Caughey, both of Los Angeles, Cal., G. Wright Arnold, of Seattle, Wash., and Edwin J. Prindle, of New York City, for appellant.

Caldwell & Lycette, Hugh M. Caldwell, John P. Lycette, and Dean H. Eastman, all of Seattle, Wash., for appellees.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This was a suit for infringement of letters patent No. 1,125,476, dated January 19, 1915, covering improvements in a system of illuminating by luminescent tubes. The plaintiff is the owner and holder of the exclusive right and license to manufacture, use, and sell the patented device, or devices, in certain western states, including the state of Washington. A later patent set forth in the complaint is not involved on the present appeal. The court below found that the patent was invalid because the alleged invention was not useful, and because the description of the invention in the specifications was not in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, and use the same. From the decree of dismissal this appeal was prosecuted.

In considering the validity of the patent, we have the presumption of validity which always attaches to a grant of this kind; we have marked commercial success, especially during recent years, and we have the rule of comity which is peculiarly applicable to cases of this kind. The validity of the patent was first challenged, so far as the record discloses, in Claude Neon Lights, Inc., v. E. Machlett & Son (D. C.) 21 F.(2d) 846, where, after full consideration and painstaking investigation, the patent was sustained. In Claude Neon Lights, Inc., v. E. Machlett & Son, 27 F.(2d) 702, the decree was affirmed, after like full consideration, by the Circuit Court of Appeals for the Second Circuit; certiorari denied, 278 U. S. 634, 49 S. Ct. 32, 73 L. Ed. 551. The ruling in that case has been consistently followed in other courts and in other jurisdictions. Claude Neon Lights, Inc., v. Photion Instrument Corporation (D. C.) 32 F.(2d) 1008, affirmed (C. C. A.) 37 F.(2d) 1010; Claude Neon Lights v. Sun Ray Neon Corporation (D. C.) 33 F.(2d) 949; Claude Neon Lights, Inc., v. American Neon Light Corporation (D. C.) 35 F.(2d) 263, affirmed (C. C. A.) 39 F.(2d) 548; Claude Neon Lights v. Gardner Sign Co. (D. C.) 39 F.(2d) 487; Bellows-Claude Neon Co. v. Sun Ray Gas Corporation (D. C.) 39 F.(2d) 907. In addition to the reported cases, the validity of the patent has been sustained in other masters' reports and unreported decisions which are found in the record. While these numerous decisions are not controlling, they are at least persuasive. As said by the Supreme Court in Mast, Foos & Co. v. Stover Mfg. Co., 177 U. S. 485, 488, 20 S. Ct. 708, 710, 44 L. Ed. 856:

"Comity persuades; but it does not command. It declares not how a case shall be decided, but how it may with propriety be decided. It recognizes the fact that the primary duty of every court is to dispose of cases according to the law and the facts; in a word, to decide them right. In

doing so, the judge is bound to determine them according to his own convictions. If he be clear in those convictions, he should follow them. It is only in cases where, in his own mind, there may be a doubt as to the soundness of his views that comity comes in play and suggests a uniformity of ruling to avoid confusion, until a higher court has settled the law. It demands of no one that he shall abdicate his individual judgment, but only that deference shall be paid to the judgments of other co-ordinate tribunals. Clearly it applies only to questions which have been actually decided, and which arose under the same facts.

"The obligation to follow the decisions of other courts in patent cases of course increases in proportion to the number of courts which have passed upon the question, and the concordance of opinion may have been so general as to become a controlling authority. So, too, if a prior adjudication has followed a final hearing upon pleadings and proofs, especially after a protracted litigation, greater weight should be given to it than if it were made upon a motion for a preliminary injunction. These are substantially the views embodied in a number of well-considered cases in the circuit courts and circuit courts of appeals. Macbeth v. Gillinder [C. C.] 54 F. 169; Electric Mfg. Co. v. Edison Electric Light Co., 61 F. 834, 18 U. S. App. 637, 10 C. C. A. 106; Edison Electric Light Co. v. Beacon Vacuum Pump & Electrical Co. [C. C.] 54 F. 678, and cases cited; Beach v. Hobbs [C. C.] 82 F. 916; Id., 92 F. 146, 34 C. C. A. 248, 63 U. S. App. 626; see, also, Newall v. Wilson, 2 De G. M. & G. 282."

With this rule in mind, we proceed to a consideration of the reasons assigned by the court below for invalidating the patent.

After describing the invention in great detail, and by reference to a prior French patent and to an article written by the patentee and published in a French scientific journal, the specifications provide: "The slowness of the disappearance of the neon is facilitated owing to the fact already pointed out in the specification referred to that the pressure in the neon tubes may be of the nature of a mm. of mercury, that is to say, at least 10 times higher than in the nitrogen tubes, resulting in a provision of gas which is likewise more than 10 times greater."

The court below was of opinion that a pressure of the nature of a millimeter of mercury as specified in the patent would not permit of a variation either way of more than one-half millimeter, and that the invention was not useful unless the pressure considerably exceeded 1.5 millimeters. It will readily be conceded that the pressure is an important element of the invention and that a pressure exceeding 1.5 millimeters will greatly prolong the life of the tube. But the pressure desired or required depends on the quantity of gas and the volume of the tube. If you reduce the quantity of gas or increase the volume of the tube, the pressure will decrease, and vice versa. It follows therefore that the pressure cannot be definitely specified, unless other conditions, such as the quantity of gas and the volume of the tube, are likewise specified. The pressure in the neon tubes is compared with the pressure in nitrogen tubes, and is said to be at least ten times higher, and the testimony tends to show that the pressure in nitrogen tubes often exceeded one-tenth millimeter and reached as high as one millimeter. For these reasons, it seems apparent to us that the term, of the nature of a millimeter of mercury, as specified in the American patent, or, of the order of a millimeter of mercury, as specified in the French patent, is employed to define a range of pressures, and not to fix a definite pressure applicable in all cases and under all circumstances. Such seems to be the view of other courts to which the question has been presented. Thus, in Claude Neon Lights v. E. Machlett & Son, supra, the District Court said:

"Defendant contends that the only controlling factor in the life of the tube is the degree of pressure of the gas employed, and that this fact is not disclosed in the patent in suit, but, on the contrary, the disclosure of the patent in suit is inconsistent therewith.

"In my opinion defendant did not sustain this contention, because the life of the tube may be lengthened by increasing the length of the tube, thus obtaining more gas, and also because with the ordinary working pressures of between two millimeters and eight millimeters it does not make much difference on the critical value of the area of the electrode, 1.5 square decimeters per ampere." 21 F. (2d) pages 848, 849.

In the same case, the Circuit Court of Appeals said: "Greater volume of gas secures a greater life of the tube because it requires a longer time to absorb, and the patentee specifies the use of neon at a pressure of 'the nature of a millimeter of mercury,' which is said to be 10 times more than Moore used in his tubes." 27 F.(2d) page 704.

Or, as said by the special master in another case: "The master finds that Claude is not

restricted by the expression of the pressure of the nature of a millimeter to that particular pressure but is entitled to that range of pressure in which his combination of elements will operate efficiently. His experiments with large and small tubes show the effect of the amount of gas in the tube on life."

Nor is the patent void for uncertainty as thus construed. As said by the court in Minerals Separation, Ltd., v. Hyde, 242 U. S. 261, 270, 37 S. Ct. 82, 86, 61 L. Ed. 286: "Equally untenable is the claim that the patent is invalid for the reason that the evidence shows that when different ores are treated preliminary tests must be made to determine the amount of oil and the extent of agitation necessary in order to obtain the best results. Such variation of treatment must be within the scope of the claims, and the certainty which the law requires in patents is not greater than is reasonable, having regard to their subject matter. The composition of ores varies infinitely, each one presenting its special problem, and it is obviously impossible to specify in a patent the precise treatment which would be most successful and economical in each case. The process is one for dealing with a large class of substances and the range of treatment within the terms of the claims, while leaving something to the skill of persons applying the invention, is clearly sufficiently definite to guide those skilled in the art of its successful application, as the evidence abundantly shows. This satisfies the law."

■ We are therefore of opinion that the patent is not invalid for the reason assigned by the court below, or for any other reason.

The decisions which sustain the validity of the patent likewise sustain the charge of infringement. Claude Neon Lights, Inc., v. E. Machlett & Son, supra; Claude Neon Lights, Inc., v. Photion Instrument Corporation, supra; Claude Neon Lights, Inc., v. American Neon Light Corporation, supra.

■ The appellees Wallace, Cairns, Christensen, and Beem were the organizers, and are now officers, of the appellee Brilliant Tube Sign Company, and the question of their liability for damages has been discussed in the briefs. That question will be left to the determination of the court below, where other facts affecting their liability may be adduced on the accounting. In so far as the injunctive relief is concerned, they are proper parties to the suit, and the injunction will run against them, although they will be equally bound by an injunction against the corporation of which they are officers.

■ A motion was interposed in this court to dismiss the appeal for the reason that it was not taken within the thirty days limited by law (28 USCA § 227). The thirty-day provision for an appeal only applies where the appeal is taken from a decree granting an injunction and ordering an accounting. Here the appeal is from a final decree of dismissal, and the time for taking the appeal is fixed by the general statute.

The motion to dismiss the appeal is denied, the decree is reversed, and the cause is remanded to the court below, with instructions to grant a permanent injunction and order an accounting as prayed.